UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| STACEY AULTMAN and<br>HEATHER AULTMAN<br><br>        Plaintiffs,<br>VERSUS<br><br>VIJAY MAGGIO, M.D.,<br>AMANDA SCHAEFER, MS, DABNN,<br>BIOTRONICS NEURO METRICS A/K/A<br>THE BIOTRONIC NEURONETWORK and<br>ST. FRANCIS MEDICAL CENTER<br><br>        Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO.<br><br><br><br>SECTION:<br><br><br>JUDGE<br><br><br>MAG. JUDGE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendants, Vijay Maggio, M.D., Amanda Schaefer (misnamed "Amanda Schaefer, MS, DABNN" in the petition), and Biotronic National, LLC (erroneously named as Biotronics Neuro Metrics a/k/a The Biotronic Neuronetwork) (hereinafter collectively referred to as "Defendants"), hereby remove Case No. 16-1963 from the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, with a full reservation of rights, exceptions, and defenses, to this Honorable Court pursuant to 28 U.S.C. §§ 1332 and 1446, on the following grounds:

## STATEMENT OF THE CASE

1.      On June 23, 2016, Plaintiffs, Stacey and Heather Aultman, filed a Petition for Damages in the Fourth Judicial District[1] for the Parish of Ouachita, State of Louisiana, styled as *Stacy Aultman and Heather Aultman versus Vijay Maggio, M.D., Amanda Schaefer, MS, DABNN, Biotronics Neuro Metrics a/k/a The Biotronic Neuronetwork and St. Francis Medical*

---

[1] Plaintiffs erroneously styled the caption of their lawsuit as the Fifth Judicial District Court but filed it in the Fourth.

2745502-1

*Center*, Case No. 16-1963 (the "State Court Action").  A copy of the Petition for Damages is attached hereto as **Exhibit A**.

2. Defendants received attempted service of the Petition for Damages on July 5, 2016.

3. The Petition maintains that Plaintiff, Stacy Aultman, underwent an extreme lateral interbody fusion of the T6-7 at St. Francis Medical Center on October 10, 2014.  Plaintiffs further maintain that Defendants assisted the surgeons in operative spine monitoring and that plaintiff suffered injuries caused by the surgery.

## DIVERSITY JURISDICTION

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs, and Defendants and based upon the allegations more than $75,000 is in controversy.

5. Plaintiffs allege that they are domiciled in the Parish of West Carroll, State of Louisiana.

6. Biotronic National, LLC (erroneously named as Biotronics Neuro Metrics a/k/a The Biotronic Neuronetwork) is not a citizen of Louisiana because it is a foreign limited liability company whose sole member, Calder Development Associates, Inc., is citizen of the State of Michigan.

7. Vijay Maggio, M.D. is not a citizen of Louisiana.  She is a citizen of the State of New Jersey.

8. Amanda Schaefer is not a citizen of Louisiana.  She is a citizen of the State of Florida.

9. Plaintiffs have also improperly or "fraudulently" named St. Francis Medical

Center as a party defendant to the State Court Action. St. Francis Medical Center is a Louisiana citizen and a qualified health care provider under the Louisiana Medical Malpractice Act. *See* **Exhibit B**. In addition to the instant action, Plaintiffs have also filed a complaint of malpractice with the Louisiana Patient's Compensation Fund against St. Francis Medical Center, and upon information and belief that matter is still pending. *See* **Exhibit C**. Since St. Francis Medical Center is a qualified health care provider, Plaintiffs' claims against it are premature as they must first be presented to a Medical Review Panel for review. Consequently, Plaintiffs have no valid cause of action against St. Francis Medical Center at this time, and its joinder as a party-defendant herein should be disregarded. *See Flagg v. Stryker Corp.,* No. 14-31169, 2016 U.S. Dist. App. LEXIS 5790 (5th Cir. Mar. 24, 2016) (*en banc*); *Smith v. Ramos*, No. 11–0511, 2011 WL 1898819, at *2 (W.D. La. May 18, 2011) ("A review of federal jurisprudence from the Western District of Louisiana shows that an action in malpractice against a qualified health care provider . . . should be dismissed as premature if a medical review panel has not yet completed an evaluation of the provider's actions. . . . there are two medical review panels pending in relation to this case. . . . the filing of the suit at hand . . . was premature.") (citing *Miller v. Griffin-Alexander Drilling Co.,* 685 F. Supp. 960 (W.D. La. 1988); *Fontenot v. Johnson & Johnson*, No. 10-162, 2010 U.S. Dist. LEXIS 60163, at *30 (W.D. La. Apr. 30, 2010) (holding that an in-state hospital was improperly joined; "[t]he courts do not hesitate to deny remand when the only parties actually named in the suit are diverse and the non-diverse medical providers are properly before a medical review panel as required by Louisiana law, even though it is possible, if not likely, these defendants will eventually be joined in the litigation"); *Voorhies v. Adm'rs of Tulane Educ. Fund*, No. 11–3117, 2012 WL 1672748, at *9 (E.D. La. May 14, 2012) ("As a matter of law, where, as here, plaintiffs file a malpractice suit against a qualified

health care provider prior to obtaining a ruling by a medical review panel, the case must be dismissed as premature.") (citations omitted). *Silvestrini v. Intuitive Surgical, Inc.*, No. 11-2704, 2012 U.S. Dist. LEXIS 13801 (E.D. La. Feb. 6, 2012) (denying remand where plaintiff failed to present non-diverse healthcare provider's medical malpractice claims to a medical review panel); *Valence v. Jefferson Parish Hospital Service No. 2*, No. 08-1121, 2008 U.S. Dist. LEXIS 35683 (E.D. La. May 1, 2008) (plaintiff did not allege that he filed a claim under the LMMA prior to filing suit, thus his claim against the doctor and hospital was premature, and their joinder was improper and must be disregarded for purposes of jurisdiction); *Jones v. Centocor, Inc.*, No. 07-5681, 2007 U.S. Dist. LEXIS 84717, at *3 (E.D. La. Nov. 15, 2007) (denying remand where in-state doctor was "improperly joined because [the plaintiff] had not fulfilled the mandatory pre-suit requirement of bringing her malpractice claim before a medical review panel as required by the Louisiana Medical Malpractice Act"); *Senia v. Pfizer, Inc.,* No. 06-1997, 2006 U.S. Dist. LEXIS 32555, at *10 (E.D. La. May 23, 2006) (upholding removal because claims against non-diverse doctor were "premature" where plaintiffs failed to first submit them for review to a medical review panel). *See also Boxie v. Gate Pharmaceuticals,* 1999 U.S. Dist. LEXIS 23150, at *8 (W.D. La. March 10, 1999); *Ellis v. Ethicon, Inc.,* No. 09-949, 2010 WL 1251640 (M.D. La. Feb. 19, 2010) (Report & Recommendation), adopted, 2010 WL 1142045 (M.D. La. Mar. 24, 2010); *Owens v. Ethicon, Inc*., No. 10-190, 2010 WL 3172737 (M.D. La., Aug. 11, 2010); *Taylor v. Ochsner Clinic Found.,* No. 11-1926, 2011 U.S. Dist. LEXIS 142122 (E.D. La. Dec. 9, 2011); *Bush v. Thoratec Corp.,* No. 11-1654, 2011 U.S. Dist. LEXIS 122724 (E.D. La. Oct. 24, 2011); *Garcia v. Covidien, Inc.,* No. 10-4184, 2011 U.S. Dist. LEXIS 112977 (E.D. La. Sept. 28, 2011).

2745502-1

The right to remove a diversity action cannot be defeated by the improper joinder of a resident defendant against whom no claim could be stated under state law. *Chesapeake & O. Ry. v. Cockrell,* 232 U.S. 146, 152 (1914); *Burden v. General Dynamics Corp.*, 60 F.2d 213, 216 (5th Cir. 1995).

10. As demonstrated above, there is complete diversity between Plaintiffs and Defendants, Vijay Maggio, M.D., Amanda Schaefer, and Biotronic National, LLC (erroneously named as Biotronics Neuro Metrics a/k/a The Biotronic Neuronetwork), in this action.

11. Plaintiffs request unspecified compensatory damages for loss of consortium, general and special damages, including loss of enjoyment of life, past and future medical expenses, past and future wages and loss of function or disability. They maintain that they are entitled to the foregoing in that Stacey Aultman suffered paralysis to his bilateral extremities, which left him wheelchair bound, as a result of the subject surgery.

The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because, "by the preponderance of the evidence," it is clear from the face of Plaintiff's Petition "that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B); *see also id*. § 1332(a). Notably, Plaintiff's Petition does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. Proc. art. 893A(1).

Given that plaintiffs in Louisiana state court may not specify a numerical value for their claimed damages, a removing defendant may establish the amount in controversy "by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.,* 333 F.3d 880, 882–83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)).

Courts have routinely held that damages allegations of the type alleged in this case, including physical pain and suffering, mental anguish, anxiety, distress, and shock, loss of enjoyment of life, medical expenses, and loss of wage earning capacity, are sufficient to facially demonstrate that the amount in controversy for federal jurisdiction is satisfied. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) (concluding that plaintiff's personal injury petition alleged damages in excess of $75,000 when plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement for injuries sustained to plaintiff' wrist, knee, and back); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (where airline lost luggage containing heart medication, contributing to subsequent heart failure, allegations of damages for property, travel expenses, emergency ambulance trip, six-day hospitalization, pain and suffering, humiliation and temporary inability to do housework satisfied the requirement that $75,000 amount in controversy be facially apparent).

Thus, it is readily apparent that Plaintiffs' request for numerous items of alleged damages, including additional or further surgery, physical pain and suffering, mental anguish, disability, loss of consortium, loss of enjoyment of life, past and future lost wages, and past and future medical expenses, places more than $75,000 in controversy. *See, e.g., Gebbia*, 233 F.3d at 883.

## ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

12. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings and documents from the State Court Action that were mailed in attempted service upon Defendants are being filed with this Notice of Removal and attached hereto as **Exhibit D**.

Defendants will file true and legible copies of all other documents on file in the State Court Action within 30 days of the filing of this Notice of Removal.

13. This Notice of Removal has been filed within 30 days of the date that Defendants received attempted long-arm service of the Petition for Damages in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

14. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Western District of Louisiana, Monroe Division, is the federal judicial district embracing the Fourth Judicial District Court where the State Court Action was originally filed. Thus, this case is properly removed to this Court.

15. <u>Consent of Co-Defendant is Not Required.</u> Consent of the improperly joined non-diverse defendant, St. Francis Medical Center, is not required for removal. *See, e.g.*, *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993); *Walker v. Nabors Offshore Drilling, Inc.*, 91 F. Supp. 2d 907, 909 (E.D. La. 2000).

16. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the clerk of the state court in which the action is currently pending. Copies of the State Court Notice of Removal together with this Notice of Removal are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

17. <u>Filing Fee:</u> Defendants file and present herewith the appropriate filing fee as required by 28 U.S.C. § 1446.

## **CONCLUSION**

By this Notice of Removal, Vijay Maggio, M.D., Amanda Schaefer, and Biotronic National, LLC (erroneously named as Biotronics Neuro Metrics a/k/a The Biotronic Neuronetwork) do not waive any objections they may have as to service, jurisdiction or venue, or

2745502-1

any other defenses or objections they may have to this action.  Vijay Maggio, M.D., Amanda Schaefer, and Biotronic National, LLC (erroneously named as Biotronics Neuro Metrics a/k/a The Biotronic Neuronetwork) intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses and/or motions.

Respectfully submitted,

*/s/ Brent A. Talbot*
Brent A. Talbot (#19174)
Peter J. Rotolo, III (#21848)
Amy L. McIntire (#35241)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:  (504) 585-7000
Fax: (504) 544-6095
talbot@chaffe.com
rotolo@chaffe.com
mcintire@chaffe.com

-And-

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
Monica A. Frois, T.A. (# 20187)
Ashley M. Scott (#27875)
450 Laurel Street, 20th Floor
Baton Rouge, Louisiana  70801
Telephone:  (225) 381-7028
Facsimile:   (225) 382-0217

**ATTORNEYS FOR VIJAY MAGGIO, M.D., AMANDA SCHAEFER AND BIOTRONIC NATIONAL, LLC**

2745502-1

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has this date been served on all counsel of record in this proceeding by U.S. mail, facsimile and/or electronic transmission.

New Orleans, Louisiana, this 2nd day of August, 2016.

*/s/ Brent A. Talbot*

2745502-1