UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

STACEY AULTMAN, *et al.*          CIVIL ACTION NO. 3:16-CV-01133

VERSUS          JUDGE JAMES

HEATHER AULTMAN, *et al.*          MAGISTRATE JUDGE PEREZ-MONTES

## *SUA SPONTE* JURISDICTIONAL REVIEW ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendants Amanda Schafer, Vijay Maggio, and Biotronics National, LLC. Defendants premise federal jurisdiction on diversity of citizenship.

At the time of removal, the Plaintiffs were Stacey Aultman and Heather Aultman, and Defendants were Vijay Maggio, Amanda Schaefer, and Biotronics National, LLC.[1] After removal, O'Reilly Auto Parts and Ace American Insurance Corp. intervened (Docs. 28, 32).

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079

---

[1] Defendant St. Francis Medical Center, Inc. was dismissed without prejudice. (Doc. 27).

Walter Sartor is erroneously listed as a Defendant in the docket sheet caption and in the note dated 8/2/2016. Sartor is not a defendant in this action, and was not a defendant in the Louisiana court action. Sartor was named in a complaint filed with the Louisiana Compensation Fund Oversight Board (which is attached to the Louisiana court pleadings), but was not named in the Louisiana court action. Sartor's name should be removed from the docket.

(5th Cir. 2008) (internal citation and quotation omitted).  Further, "when jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988).

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).  This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." Id. at 506-07.

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain.  See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003).  A corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.  See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp., 757 F.3d 481, 483 (5th Cir. 2014).  The citizenship of a general partnership depends on that of all partners.  See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997).  The citizenship of an LLC, a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members.  See Harvey, 542 F.3d at 1079-80.

Plaintiffs Stacey Aultman and Heather Aultman are Louisiana residents.

Defendants allege that Defendant Biotronic National, LLC is a limited liability company whose sole member is Calder Development Associates, Inc., which is alleged to be a "citizen of the State of Michigan." Defendants have not alleged the state of incorporation or principal place of business of Calder Development Associates, Inc.

Defendants allege that Vijay Maggio is a citizen of New Jersey, and Amanda Schaefer is a citizen of Florida.

The nature of the business organization and its citizenship or the citizenship of the members/owners of Intervenor Plaintiff "O'Reilly Auto Parts" are not alleged in the pleadings.[2]

The nature of the business organization and citizenship of Intervenor Plaintiff ACE American Insurance Company ("ACE") are not alleged in the pleadings. ACE contends it is wholly owned by INA Financial Corporation (Doc. 34), but the place of incorporation and principal place of business of INA is also not alleged in the pleadings.

Therefore, diversity is not shown on the face of the pleadings.

The Clerk of Court is DIRECTED to serve a copy of this order upon any and all Defendants IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, not later than 21 days from service of this Order on Defendants Vijay Maggio, Amanda Schaefer, and Biotronics National, LLC, and on Intervenor-Plaintiffs O'Reilly Auto Parts and ACE American Insurance Company: (1) they SHALL FILE a Jurisdictional Memorandum correctly setting forth the

---

[2] The Corporate Disclosure Statement filed is for "O'Reilly Auto Stores, Inc." and not for "O'Reilly Auto Parts" (Doc. 33).

citizenship of all parties to this lawsuit; and (2) Defendants Maggio, Schaefer and Biotronics National, LLC only SHALL FILE a motion for leave to amend the jurisdictional allegations of the Notice of Removal to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Plaintiffs Stacey Aultman and Heather Aultman will be allowed **seven days** from receipt of Defendants' memoranda regarding jurisdiction to file a response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25th day of April, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge