UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STACEY AULTMAN, *et al.* | CIVIL ACTION 3:16-CV-01133 |
| VERSUS | JUDGE JAMES |
| VIJAY MAGGIO, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

**REPORT AND RECOMMENDATION**

Before the Court is a "Motion to Dismiss" the case in its entirety filed by Plaintiffs, because they are pursuing this case in state court (Doc. 72). Intervenors also filed a motion to dismiss their claims (Doc. 73). It is recommended that both Motions to Dismiss be granted.

I. **Background**

Plaintiffs contend that all defendants and intervenors have been dismissed from this action, and Plaintiffs are now pursing their case in a state court. Plaintiffs ask this Court to dismiss this case in its entirety.

Plaintiff Stacey and Heather Aultman sued: (1) Biotronic National L.L.C. ("Biotronic") (Doc. 1-2); (2) Vijay Maggio ("Maggio") (Doc. 1-2); (3) Amanda Schaefer ("Schaefer") (Doc. 1-2); (4) St. Francis Medical Center (Doc. 1-2); (5) Bernie McHugh ("McHugh") (Doc. 1-3); (6) Ouachita Neurosurgery Center, AMC (Ouachita Neurosurgery") (Doc. 1-3); and (7) Walter Sartor ("Sartor") (Doc. 1-3).

Plaintiffs' claims against St. Francis Medical Center were dismissed for lack of exhaustion and improper joinder (Doc. 27).

O'Reilly Automotive Stores Inc. ("O'Reilly Automotive") and ACE American Insurance ("ACE American") (Aultman's employer and its worker's compensation insurer) intervened in the action (Doc. 32) for indemnification from: (1) Stacey Aultman; (2) Heather Aultman; (3) St. Francis Medical Center; (4) Amanda Schaefer; and (5) Biotronic National L.L.C.

Stacey and Heather Aultman filed a cross-claim against O'Reilly Automotive and Ace American (Doc. 35).

A motion for summary judgment filed by Maggio, Biotronic, and Schaefer (Doc. 53) was granted. Plaintiffs' claims against Maggio, Biotronic, and Schaefer were dismissed (Doc. 68).

Defendants Maggio, Schaefer, and Biotronic moved jointly with O'Reilly Automotive and ACE American to dismiss Intervenor's claims (Doc. 69). That motion was granted and the Intervenors' claims against Maggio, Schaefer, and Biotronic were dismissed (Doc. 70).

Plaintiffs have now filed a motion to dismiss the case in its entirety (Doc. 72). Intervenors also filed a motion to dismiss their intervention (Doc. 73).

II. Analysis

There are five parties remaining in this case: (1) Stacey Aultman (defendant in intervention and cross-claim plaintiff); (2) Heather Aultman (defendant in intervention and cross-claim plaintiff); (3) O'Reilly Automotive (intervenor plaintiff and cross-claim defendant); (4) ACE American (intervenor plaintiff and cross-claim defendant); and (5) St. Francis Medical Center (defendant in intervention).

There are three claims remaining in this action: (1) ) O'Reilly Automotive and ACE American's (Intervenors') claim against Plaintiffs; (2) Plaintiffs' crossclaim against O'Reilly Automotive and ACE American; and (3) O'Reilly Automotive & ACE American's (Intervenors') claim against St. Francis Medical Center.

Since Plaintiffs' action against St. Francis Medical Center was dismissed (Doc. 27), Intervenors' action against it, for reimbursement from any damages paid to Plaintiffs, should likewise be dismissed as moot. Therefore, Intervenors' Motion to Dismiss their action against St. Francis Medical Center (Doc. 73) should be granted.

Plaintiffs move herein to voluntarily dismiss their remaining claims, which are against O'Reilly and ACE American. Therefore, Plaintiffs' motion to dismiss their counter-claims against O'Reilly and ACE American (Doc. 72) should be granted.

Since all of Plaintiffs' claims have been dismissed, Intervenors' claims against Plaintiffs for reimbursement from any damages awarded to them should also be dismissed as moot. Therefore, Intervenors' Motion to Dismiss their claims against Plaintiffs (Doc. 73) should be granted.

### III. Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Plaintiffs' motion to dismiss their claims against O'Reilly and ACE American (Doc. 72) should be GRANTED and those claims should be DISMISSED WITHOUT PREJUDICE.

IT IS RECOMMENDED that Intervenors' Motion to Dismiss their claims against St. Francis Medical Center, Stacey Aultman, and Heather Aultman (Doc. 73)

should be GRANTED, and those claims should be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that this case be CLOSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this  18th  day of February, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge